TROY LEE HARMS V STATE OF TEXAS

 NO. 07-02-0241-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 11, 2002

______________________________

JUSTIN SHEPHERD

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 44,331-A; HON. DAVID GLEASON, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before QUINN, REAVIS, and JOHNSON, JJ.

Appellant, Justin Shepherd filed a pro se notice of appeal on May 28, 2002 and a motion to have an attorney appointed on June 10, 2002. Accordingly, we now abate this appeal and remand the cause to the 47th District Court of Potter County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following: 

1.  whether appellant desires to prosecute the appeal; 

2.  whether appellant is indigent;  

3.  whether counsel has been appointed to prosecute this appeal;

4.  if counsel has not been appointed, whether appellant is entitled to appointed         counsel; and

5.  whether the appellant is entitled to the preparation of a free appellate record. 

The trial court shall cause the hearing to be transcribed.  Furthermore, the trial court shall execute findings of fact and conclusions of law addressing the aforementioned issues and disclosing the name, address, state bar number, and telephone and fax numbers of newly appointed counsel, if any. The district court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders of the district court issued as a result of its hearing on this matter, and 2) a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the district court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before July 11, 2002.  Should further time be needed by the trial court to perform these tasks, then same must be requested before June 11, 2002.

      It is so ordered. 

                                                             Per Curiam 

 Do not publish.